Steven A. Alpert, Esq. (SBN. SA3150)
**Price Law Group, APC**
86 Hudson Street
Hoboken, NJ 07030
Tel: 818-205-2466
alpert@pricelawgroup.com
*Attorneys for Plaintiff,*
*William Pavlik*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| WILLIAM PAVLIK,<br><br>      Plaintiff,<br><br>vs.<br><br>RTR FINANCIAL SERVICES, INC.,<br><br>      Defendant. | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>1. FDCPA, 15 U.S.C. § 1692 *et seq.*, and<br>2. GBL § 349<br><br>(Unlawful Debt Collection Practices) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, William Pavlik ("Plaintiff"), through his attorneys, alleges the following against Defendant, RTR Financial Services, INC. ("Defendant"):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based upon the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices in connection with the collection of consumer debts.

2. Count II of Plaintiff's Complaint is based upon the New York General Business Law § 349, which states "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful."

### JURISDICTION AND VENUE

3. Jurisdiction of this Court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court, without regard to the amount in controversy."

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

5. Because Defendant conducts business here, personal jurisdiction is established.

### PARTIES

6. Plaintiff is a natural person residing in Monrose, Westchester County, New York.

7. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

8. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6)

9. Defendant is a corporation in the business of collecting debts with its principal place of business located at 2 Teleport Drive, Suite 302, Staten Island, NY 10311-1004 and can be served through its agent Robert Reilly at 119 Clark Avenue, Staten Island, New York 10306.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. In or around 2013, Plaintiff incurred medical expenses from Phelps Memorial Hospital. The debt, which remained after insurance disbursements, was assigned to Defendant for collection.

12. Due to financial hardship, Plaintiff filed Chapter 7 Bankruptcy, Case Number 7:16-bk-23599, on November 18, 2016 in the Southern District of New York.

13. RTR Financial Services, Inc. was listed on Plaintiff's Bankruptcy petition related directly to the collection account, attached hereto as **Exhibit A** – Ch 7 Petition.

14. Plaintiff received a discharge of his Chapter 7 bankruptcy on February 15, 2017 and Defendant was properly given notice by the court of the discharge, attached hereto as **Exhibit B** - Certificate of Notice.

15. In or around April 2017, Plaintiff received a collection call from Defendant. Plaintiff put Defendant's representative on notice that he filed for Bankruptcy and was discharged of this debt.

16. On or about April 19, 2017, Plaintiff received statements in the mail from Defendant on behalf of Phelps Memorial Hospital.

17. On or about April 10, 2017 at 12:54 p.m., Plaintiff received a call from Defendant. Defendant was attempting to collect on an alleged balance it claimed Plaintiff owed.

18. On or about May 8, 2017 at 4:27 p.m., Plaintiff received another call from Defendant. Defendant was attempting to collect on an alleged balance it claimed Plaintiff owed.

19. As a result of Defendant's conduct, Plaintiff has sustained actual damages including but not limited to, embarrassment, emotional and mental pain and anguish.

**COUNT I**
**(Violations of the FDCPA, 15 U.S.C. § 1692)**

20. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

   1) 15 U.S.C. 1692e(2)(a) which prohibits the misrepresentation of the amount, character or legal status of any debt;

   2) 15 U.S.C. 1692e(10) which prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer;

   3) 15 U.S.C. 1692f(1) which prohibits collections of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

   4) 15 U.S.C. § 1692e(8) which prohibits communicating or threatening to communicate to any person credit information which is known or which should be known to be false.

21. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and attorney's fees and costs.

## COUNT II
### (Violations of the NY GBL § 349)

22. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. Defendant violated the NY GBL. Defendant's violations include, but are not limited to, the following:

> Defendant violated § 349(a) by using "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful."

24. Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as other such relief, permitted by NY CLS GEN. BUS. § 349(h).

## **PRAYER OF RELIEF**

**WHEREFORE**, Plaintiff, William Pavlik, respectfully requests judgment be entered against Defendant, RTR Financial Services, Inc., for the following:

A. Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k(a)(2);

B. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

C. Actual damages pursuant to GBL § 349(h);

D.  Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3),

E.  Reasonable attorneys' fees pursuant § 349(h); and

F.  Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

Dated: August 21, 2017    By: */s/ Steven A. Alpert*
Steven A. Alpert, Esq. (SBN. SA3150)
**Price Law Group, APC**
86 Hudson St
Hoboken, NJ 07030
Tel: 818-907-2030
alpert@pricelawgroup.com
*Attorneys for Plaintiff,*
*William Pavlik*